**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

DEMETRIUS M. WHITE,
)       No. CV 11-8152-PCT-RCB (ECV)
)
Plaintiff,
)       **ORDER**
)
vs.
)
)
MIKE LINDERMAN, et al.,
)
)
Defendants.
)

On September 29, 2011, Plaintiff Demetrius M. White, who is confined in the Arizona State Prison Complex-Douglas in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a Motion for Appointment of Counsel (Doc. 2), a Declaration (Doc. 3), a "First Set of Interrogatories" (Doc. 4), and a "First Request for Production of Documents" (Doc. 5).

In an October 5, 2011 Order, the Court noted that Plaintiff had not paid the 350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*. The Court gave Plaintiff 30 days to either pay the filing fee or file an Application to Proceed.

On October 24, 2011, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 8).

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

The Court will assess an initial partial filing fee of $26.19. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.    Complaint**

In his Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Charles Ryan, ADOC Administrator of Pastoral Activities Mike Linderman, Deputy Warden E. White, and Senior Chaplain Nick Desmono.

Plaintiff lists two counts in his Complaint, raising claims under the First and Fourteenth Amendments and 42 U.S.C. § 2000bb(1) regarding the denial of his request for a Kosher diet. In his Request for Relief, Plaintiff seeks monetary damages.

**IV.    Failure to State a Claim**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S. Ct. at 1948.

Plaintiff has not alleged that any Defendant personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations against any Defendant. Thus, the Court will dismiss the Complaint, without prejudice.

## V.    Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.[1]

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. **Plaintiff may include only one claim per count**.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

---

[1]The Court notes that Plaintiff signed the Complaint under penalty of perjury and submitted a separate Declaration, also under penalty of perjury, declaring that his statements in the Complaint are "true to the best of [his] knowledge." But in his Complaint, Plaintiff answers "No" to the question "Have you filed any other lawsuits while you were a prisoner?" This answer is false. Plaintiff filed **nine** other lawsuits in this Court, eight of which were civil rights actions. All of the civil rights actions were dismissed because Plaintiff either failed to prosecute the action, failed to comply with Court orders, sought monetary relief against an immune defendant, or failed to state a claim upon which relief could be granted. If Plaintiff files an amended complaint, he must **truthfully** complete the section regarding other lawsuits he has filed while he has been a prisoner.

1    (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

2    constitutional right; and (5) what specific injury Plaintiff suffered because of that

3    Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

4            Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff

5    fails to affirmatively link the conduct of each named Defendant with the specific injury

6    suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

7    state a claim. **Conclusory allegations that a Defendant or group of Defendants have**

8    **violated a constitutional right are not acceptable and will be dismissed**.

9            Plaintiff should also take note that the Supreme Court declared the Religious Freedom

10   Restoration Act (RFRA), 42 U.S.C. § 2000bb - 2000bb-4, unconstitutional as applied to the

11   States. See City of Boerne v. Flores, 521 U.S. 507 (1997). Congress subsequently enacted

12   the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), which provides,

13   in relevant part, that "[n]o government shall impose a substantial burden on the religious

14   exercise of a person residing in or confined to an institution . . . , even if the burden results

15   from a rule of general applicability," unless the government establishes that the burden

16   furthers "a compelling governmental interest" and does so by the "least restrictive means."

17   42 U.S.C. § 2000cc-1(a). Under RLUIPA, the plaintiff bears the initial burden of

18   demonstrating a *prima facie* claim that the challenged state action constitutes a "substantial

19   burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994

20   (9th Cir. 2005)

21           A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

22   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

23   1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as

24   nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

25   complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d

26   565, 567 (9th Cir. 1987).

27   **VI.    Motion for Appointment of Counsel**

28           There is no constitutional right to the appointment of counsel in a civil case. See Ivey

v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**VII.    Discovery**

Plaintiff's Interrogatories and Request for Production are premature. The Court has dismissed Plaintiff's Complaint. If Plaintiff files an amended complaint, and the Court determines that an answer is required, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court. If Plaintiff returns those forms to the Court, the Court will direct the United States Marshal to notify the Defendants of the commencement of the action, request waiver of service of the summonses, and serve Defendants if they do not waive service. The Court will issue a scheduling order setting discovery deadlines *after* Defendants have answered the amended complaint. Defendants, therefore, are not required at this time to respond to Plaintiff's discovery requests.

**VIII.   Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Appointment of Counsel (Doc. 2) is **denied without prejudice**.

(2)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.19.

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 28th day of October, 2011.

_____
Robert C. Broomfield
Senior United States District Judge