**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Demetrius M. White,                        )    No. CV 11-8152-PHX-RCB (ECV)
                                           )
        Plaintiff,                    )    **ORDER**
                                           )
vs.                                        )
                                           )
Mike Linderman, et al.,                    )
                                           )
        Defendants.                   )
_____)

On September 29, 2011, Plaintiff Demetrius M. White, who is confined in the Arizona State Prison Complex-Douglas in Douglas, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, a Motion for Appointment of Counsel, a Declaration, a "First Set of Interrogatories," and a "First Request for Production of Documents."

In an October 5, 2011 Order, the Court noted that Plaintiff had not paid the 350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing fee or file an Application to Proceed.

On October 24, 2011, Plaintiff filed an Application to Proceed *In Forma Pauperis*. In an October 28, 2011 Order, the Court granted the Application to Proceed, assessed an initial partial filing fee, denied the Motion for Appointment of Counsel, advised Plaintiff that his discovery requests were premature, and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 21, 2011, Plaintiff filed his First Amended Complaint (Doc. 12).  The

1  Court will order Defendants Desmond and Linderman to answer a portion of Counts One and
2  Two of the First Amended Complaint and will dismiss the remaining claims and Defendants
3  without prejudice.

4  **I.      Statutory Screening of Prisoner Complaints**

5          The Court is required to screen complaints brought by prisoners seeking relief against
6  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
8  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.
10  28 U.S.C. § 1915A(b)(1), (2).

11         A pleading must contain a "short and plain statement of the claim *showing* that the
12  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
13  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
14  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
15  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
16  statements, do not suffice."  Id.

17         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
18  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
19  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
20  that allows the court to draw the reasonable inference that the defendant is liable for the
21  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
22  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
23  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
24  allegations may be consistent with a constitutional claim, a court must assess whether there
25  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

26         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
27  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
28  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.   First Amended Complaint

In his four-count First Amended Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections Director Charles Ryan, Administrator of Pastoral Activities Mike Linderman, Deputy Warden E. White, and Senior Chaplain Nick Desmond.

In Counts One and Two, Plaintiff alleges violations of his First and Fourteenth Amendment rights,  Religious Freedom Restoration Act (RFRA),  Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), and Arizona Revised Statutes § 41–1493.01,[1] relating to the exercise of his religion.  He states that he believes in Messianic Judaism and requested a kosher diet because his religion follows the same dietary guidelines used in Orthodox Judaism.   In Count One, Plaintiff contends that Defendant Desmond denied Plaintiff's request, informing Plaintiff that Plaintiff was "not a Jew and [he] should not follow in these ways" and claiming that Defendant Desmond had proof that Messianic Jews do not believe "that way."  In Count Two, Plaintiff claims that Defendant Linderman also denied Plaintiff's request for a kosher diet, even after Plaintiff provided supporting information from the Bible and Torah.  Plaintiff contends that Defendant Linderman rejected Plaintiff's information, told Plaintiff that "this belief does not believe in such doctrine this way," and claimed to have proof that Messianic Judaism does not practice dietary laws. Plaintiff alleges that he was unable to eat some of the food provided to him and that he lost weight and became sick.  He asserts that refusal to provide him with a kosher diet hindered the free exercise of his religion.

In Counts Three and Four, Plaintiff alleges violations of his right to due process.  In Count Three, he claims that Defendant Ryan has not investigated or addressed Plaintiff's grievance and "is still holding on to [P]laintiff['s] grievance without cause."  In Count Four, Plaintiff contends that Defendant White never investigated Plaintiff's case and simply

---

[1]Plaintiff has invoked the Court's supplemental jurisdiction over his state law claims.

1  believed Defendants Desmond and Linderman over Plaintiff.

2      In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and

3  monetary damages.

4  **III.    Discussion of First Amended Complaint**

5      **A.    Counts One and Two**

6      RFRA is unconstitutional as applied to the States.  See City of Boerne v. Flores, 521

7  U.S. 507 (1997).  Thus, the Court will dismiss Plaintiff's claims under RFRA.

8      Liberally construed, Plaintiff has stated an exercise of religion claim under the First

9  Amendment, RLUIPA, and Arizona Revised Statutes § 41-1493.01.  Therefore, the Court

10  will require Defendants Desmond and Linderman to answer these claims in Counts One and

11  Two, respectively.

12      **B.    Counts Three and Four**

13      Prisoners have a First Amendment right to file prison grievances, Rhodes v. Robinson,

14  408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a

15  grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and the failure

16  to follow grievance procedures does not give rise to a due process claim.  See Flournoy v.

17  Fairman, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a

18  substantive right enforceable under § 1983); Spencer v. Moore, 638 F. Supp. 315, 316 (E.D.

19  Mo. 1986) (violations of grievance system procedures do not deprive inmates of

20  constitutional rights).  "[N]o constitutional right was violated by the defendants' failure, if

21  any, to process all of the grievances [plaintiff] submitted for consideration."  Buckley v.

22  Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

23      In addition, "[t]he right to petition the government for redress of grievances . . . does

24  not guarantee a favorable response, or indeed any response, from state officials.  Moreover,

25  the First Amendment's right to redress of grievances is satisfied by the availability of a

26  judicial remedy."  Baltoski v. Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); see also

27  Ashann-Ra v. Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with

28  state's grievance procedure is not actionable under § 1983 and does not compromise an

inmate's right of access to the courts).   Finally, Defendants Ryan and White are not liable simply because they were aware of problems regarding Plaintiff's religious diet and failed to correct those problems during the administrative grievance process.   See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit constitutional violations when they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior).

Thus, the Court will dismiss without prejudice Counts Three and Four and Defendants Ryan and White.

**IV.    Warnings**

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The portion of Count One that alleges a violation of the Religious Freedom Restoration Act, and Counts Three and Four, are **dismissed** without prejudice.

(2)     Defendants Ryan and White are **dismissed** without prejudice.

(3)     Defendants Desmond and Linderman must answer Counts One and Two.

(4)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms for Defendants Desmond and Linderman.

(5)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8)     The United States Marshal must notify Defendants Desmond and Linderman of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not**

---

[2]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)   personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9)    **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10)   Defendants Desmond and Linderman must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules . . .

72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 29th day of November, 2011.

Robert C. Broomfield
Senior United States District Judge