**WO** **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius M. White, ) | No. CV 11-8152-PCT-RCB (ECV) |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | |
| ) | |
| Mike Lindermen, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius M. White filed this civil rights action under 42 U.S.C. § 1983 against two Arizona Department of Corrections (ADC) officials for alleged violations of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA) and Arizona Revised Statutes § 41-1493.01 (Doc. 12). Before the Court is Plaintiff's Motion for Injunction or Temporary Restraining Order (Doc. 30).

The Court will deny Plaintiff's motion.

**I.    Background**

Plaintiff, a practitioner of Messianic Judaism, asserted that he requested a kosher diet because his religion follows the same dietary guidelines used in Orthodox Judaism (Doc. 12). Plaintiff claimed that Defendants denied his kosher diet request on the basis that Messianic Jews do not have the same dietary restrictions as Orthodox Jews (id. at 3, 4). Because he was unable to obtain a kosher diet, Plaintiff alleged that he was unable to eat some of the food provided to him and he lost weight and became sick and constituted a burden on the free exercise of his religion (id.).

Plaintiff now moves for preliminary-injunctive relief, requesting an injunction or a temporary restraining order to allow his family members to order various religious items to enable him to practice his religion (Doc. 30 at 3). Plaintiff also requests an injunction allowing him to obtain and keep "as many law books" as he believes necessary to prosecute this action (id. at 4).

## II. Governing Standard

Requests for preliminary injunctions and temporary restraining orders are governed by the same general standards. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2 (1977); L.A. Unified Sch. Dist. v. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982). Either type of injunctive relief is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Am. Trucking Ass'n, Inc. v. City of L.A., 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. See Alliance, 632 at 1135.

Regardless of which test is applied, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction (one that would alter the status quo), which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act (PLRA) imposes additional requirements on

1 prisoner litigants who seek preliminary injunctive relief against prison officials and requires
2 that any injunctive relief be narrowly drawn and the least intrusive means necessary to
3 correct the harm.  18 U.S.C. § 3626(a)(2).

4 When granting injunctive relief, the Court's jurisdiction is limited to the parties in the
5 action and to the viable legal claims upon which the action is proceeding.  See Summers v.
6 Earth Island Institute, 555 U.S. 488, 491-93 (2009).  Thus, a court should not grant an
7 injunction "when the injunction in question is not of the same character, and deals with a
8 matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43
9 (11th Cir. 1997); see Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (a plaintiff
10 seeking injunctive relief must show "a relationship between the injury claimed in the party's
11 motion and the conduct asserted in the complaint").

12 **III.    Plaintiff's Motion**

13 Plaintiff first requests an injunction allowing his family members to purchase certain
14 religious items—incense, scented oils, candles, a kippah, a talit, and herbs—for Plaintiff from
15 a vendor (Doc. 30 at 3-4).  Plaintiff further seeks an injunction permitting him to obtain and
16 keep "as many law books" as necessary for him to understand the legal issues involved in
17 this action (id. at 4).

18 In response, Defendants assert that Plaintiff is not entitled to injunctive relief because
19 his requests are unrelated to the underlying merits of his claim and, additionally, Defendants
20 do not have the authority to provide the relief he seeks (Doc. 31).

21 Plaintiff did not file a reply in support of his motion.

22 **IV.    Analysis**

23 Plaintiff's motion must be denied for several reasons.  First, Defendants are correct
24 that Plaintiff's requests to obtain various religious items through a family member and for
25 unspecified law books are beyond the scope of this lawsuit, which is limited to Plaintiff's
26 discrete claim that he was improperly denied a kosher diet.  See Kaimowitz, 122 F.3d at 43.

27 Further, Plaintiff's law book request is too general and broad to allow for an order the
28 complies with the PLRA requirements governing injunctions.  See 18 U.S.C. § 3626(a)(2).

1 Nor do Plaintiff's claims properly address the prerequisites for injunctive relief—whether
2 there is a likelihood of irreparable injury and success on the merits, whether the balance of
3 equities tips in his favor, or whether an injunction is in the public interest. See Winter, 555
4 U.S. at 20.

Plaintiff similarly fails to present any evidence showing that conduct by Defendant or any ADC official has resulted in a denial of access to the court and caused him to suffer an "actual injury." See Lewis v. Casey, 518 U.S. 343, 348-49 (1996). Although Plaintiff implies that he lacks an understand of the law, he does not allege that he was denied the ability to file documents.

And finally, in failing to file a reply, Plaintiff does not rebut Defendants' evidence that they do not have the authority to provide Plaintiff the relief he seeks (Doc. 31, Ex. A, Linderman Decl. ¶ 9). For the above reasons, Plaintiff's motion for preliminary injunctive relief will be denied.

**IT IS ORDERED that** the reference is withdrawn as to Plaintiff's Motion for Injunction or Temporary Restraining Order (Doc. 30), and the motion is **denied**.

DATED this 18th day of October, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -